IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID TINDALL,**

       **Plaintiff,**

  vs.                                     Civil Action 2:08-CV-918
                                              Judge Marbley
                                              Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

       **Defendant.**

## OPINION AND ORDER

Plaintiff in this action seeks review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income. In a *Report and Recommendation* issued January 11, 2010, *Report and Recommendation*, Doc. No. 19, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

Plaintiff claims disability by reason of a severe visual impairment of the right eye and a mental impairment. Plaintiff contended before the Magistrate Judge, and again in his objections to the *Report and Recommendation*, that the administrative law judge erred in finding that plaintiff's visual impairment does not preclude his past work and in characterizing plaintiff's mental impairment as non-severe.

The administrative law judge found that plaintiff could perform his past relevant work as a sales clerk or caterer. In reiterating the arguments presented to, and rejected by, the Magistrate Judge, plaintiff again contends that his severe visual impairment

precludes such work:

> Mr. Tindall's photophobia as described by his treating opthalmalogist Dr. Holland [A.R. 313-16] sets forth a limitation that the vocational expert [at A.R. 386] said would preclude the catering job. In addition, Mr. Tindall's credible testimony concerning the impact of his visual impairment on his coordination as well as the need to use a magnifying glass would preclude his past work as a sales clerk. ...

*Plaintiff's Objections to Report and Recommendation,* p.1. It is true that the vocational expert testified that a restriction to a clean environment or from working in sunlight or bright light would preclude all catering positions. *A.R.* 385, 386. However, the administrative law judge did not include those restrictions in his findings relating to plaintiff's residual functional capacity. *See A.R.* 24. The administrative law judge also expressly found that plaintiff's subjective statements "concerning the intensity, persistence and limiting effects" of his impairments "are not entirely credible." *A.R.* 25. The administrative law judge is required to include in a hypothetical posed to a vocational expert only those restrictions that the administrative law judge finds are supported by the medical evidence and are credible, *Casey v. Secy of HHS,* 987 F.2d 1230, 1235 (6th Cir. 1993). Similarly, the administrative law judge is not required to accept the plaintiff's subjective complaints but can instead "present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir. 2003).

Moreover, as the Magistrate Judge found, even assuming that plaintiff would be precluded from performing his past work, the vocational expert went on to testify that there exist tens of thousands

of jobs at the medium, light and sedentary levels of exertion that a claimant with plaintiff's vocational profile could perform despite his visual impairment. *A.R.* 385. Under these circumstances, as the *Report and Recommendation* reasons, the finding by the administrative law judge that plaintiff could perform his past work is, at best, harmless error. *See A.R.* 385-86.

Plaintiff also contends, once again, that the administrative law judge erred in concluding that plaintiff does not suffer a severe mental impairment. It is true that a consultative psychologist who examined plaintiff at the request of the state agency assigned a global assessment of functioning ["GAF"] of 60, which is suggestive of moderate dysfunction. *A.R.* 252-57. However, a GAF score is not alone determinative of claimant's mental impairment. *Kennedy v. Astrue*, 247 Fed. Appx. 761, 766 (6th Cir. 2007)("... GAF scores ... do not necessarily indicate ... mental functioning"). In the case presently before the Court, plaintiff has never sought or received mental health treatment and even the consultative psychologist described no more than mild limitation of functioning. As the *Report and Recommendation* indicated, the administrative law judge's failure to include a mental impairment among plaintiff's severe impairments enjoys substantial support in the record.

Accordingly, the Court concludes that plaintiff's objections to the *Report and Recommendation* are without merit. The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** The decision of the Commissioner is **AFFIRMED.** This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

3

                                                     <u>*s/Algenon L. Marbley*</u>
                                                         Algenon L. Marbley
                                                 United States District Judge